UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PRINCE LEWIS, : | |
|     Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:14-cv-437 (MPS) |
| : | |
| MALDONADO, et al., : | |
|     Defendants. : | |

RULING ON PENDING MOTIONS

The plaintiff has filed motions seeking to amend his complaint to include the exhibits submitted in support of his original complaint, an order directing the U.S. Marshal Service to locate defendant DeFeo, entry of default against defendant Bennett and an extension of time to locate defendant DeFeo's address.  The defendants (i.e., Bennett and Byrd, the two defendants who have been served in their individual capacities) seek an extension of time to respond to the complaint.

I.Plaintiff's Motion to Amend to Add Exhibits [Doc. #50]

The plaintiff seeks leave of court to amend his complaint include all exhibits submitted "during the litigation of this complaint."  The plaintiff's motion is denied.

The purpose of the complaint is to put the defendants on notice of the plaintiff's claims. It need include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The original complaint complies with the rule.  Thus, amendment to add exhibits is not required.  The plaintiff may file his exhibits in support of a motion for summary judgment or in opposition to a motion for summary judgment filed by the defendants, or introduce them at trial.

II.  Plaintiff's Motion for Marshal to Locate and Serve Defendant DeFeo [Doc. #51] and Motion for Extension of Time [Doc. #54]

The plaintiff states that he received notification from the U.S. Marshal Service indicating that defendant DeFeo has not been served with a copy of the complaint in his individual capacity because he no longer is employed at the address provided by the plaintiff. The plaintiff asks that the U.S. Marshal Service attempt to locate defendant DeFeo and effect service.

It is the responsibility of the plaintiff, not the U.S. Marshal Service, to provide a current address at which service may be effected on each defendant. *See Schapira v. Berger*, No. 3:07cv1451(AWT), 2008 WL 824216, at *2, n.2 (D. Conn. Mar. 25, 2008) ("While the court assumes the responsibility for effecting service for plaintiffs granted leave to proceed *in forma pauperis*, the plaintiffs must provide current service addresses for each defendant."); *see also Hall v. Smith*, No. 09 CV 877(BMC)(LB), 2009 WL 4249848, at *1 (E.D.N.Y. Nov. 25, 2009) (same). The Court has ordered the plaintiff to provide a current address. *See* Doc. #49. The plaintiff's motion is denied.

The plaintiff also seeks an extension of time to locate defendant DeFeo's address. The plaintiff's motion is granted. The plaintiff shall provide a service address for defendant DeFeo within thirty days from the date of this order. Failure to provide a service address within the time specified will result in the dismissal of all claims against defendant DeFeo.

III. Plaintiff's Motion for Entry of Default [Doc. #53] and Defendants' Motion for Extension of Time [Doc. #53]

The plaintiff moves for entry of default against defendant Bennett for failure to plead. He notes that personal service was effected on defendant Bennett on December 30, 2014, but defendant Bennett has neither appeared in his individual capacity nor responded to the

complaint. Although not referenced in the motion for default, the Court notes that defendant Byrd was served on March 17, 2015, and has not appeared or responded to the complaint.

When a defendant does not return a signed waiver of service of summons form and is personally served, he is required to appear and respond to the complaint within twenty-one days. As neither defendant Bennett nor defendant Byrd has complied with this requirement, default shall enter against both of these defendants.

In response to the plaintiff's motion, defendants Bennett and Byrd have filed a motion for extension of time to respond to the complaint until thirty days after service has been effected on defendant DeFeo. As the Court noted when it denied the defendants' motion to dismiss, all official capacity claims were dismissed in the Initial Review Order filed May 1, 2014. The only remaining claims are against the defendants in their individual capacities. Although the defendants have been aware of the requirement that they appear in individual capacity since October 2014, no defendant has yet appeared in individual capacity. Accordingly, they cannot move for an extension of time. The defendants' motion for extension of time is denied.

IV.   Conclusion

The plaintiff's motions for leave to amend [**Doc. #50**] and to have the U.S. Marshal Service locate defendant DeFeo [**Doc. #51**] are **DENIED**.

Plaintiff's motion for extension of time to provide defendant DeFeo's address [**Doc. #54**] is **GRANTED**. The plaintiff shall file a notice containing defendant DeFeo's service address within **thirty (30) days** from the date of this order. Failure to timely file the notice will result in the dismissal of all claims against defendant DeFeo.

Plaintiff's motion for entry of default against defendant Bennett [**Doc. #52**] is

**GRANTED**.  The Clerk is directed to enter the default of defendant Bennett and also defendant Byrd.  The plaintiff is directed to file a motion for default judgment within **twenty-one (21) days** from the date of this order.  If defendants Bennett and Byrd move to set aside the default, their motion shall be accompanied by an individual capacity appearance and the response to the complaint.

The defendants' motion for extension of time [**Doc. #53**] is **DENIED** as the defendants have not appeared in the only capacity in which claims are asserted against them.

**SO ORDERED** this 1st day of May 2015, at Hartford, Connecticut.

                                                                    /s/
                                             Michael P. Shea
                                             United States District Judge